Curia, per

Fbost, J.
It may be proper to notice the objections made in this case to the judgment of the court below, and to confirm it by additional authorities.
The arrest was not illegal, because the exemption was a personal privilege which the sheriff was not bound to notice, nor could he know whether the defendant would claim it. Formerly, it was necessary to plead specially the privilege from arrest; but modern practice gives relief on motion. 2 Blacks, R. 1190, Cameron vs. Lightfoot. The case of Kinder vs. Williams, 4 T. R. 377, does not conflict with this decision. The defendant was attending *198 before Commissioners of Bankruptcy when he was arrested by capias from the Sheriff’s court of London. The case was removed by Habeas Corpus into the King’s Bench, in order to move for his discharge. The court expressed a--doubt whether the defendant was privileged ; which has since been well settled affirmatively. 7 Ves. 312, Exparte King. But the motion was refused, on the ground that the process under which the defendant was arrested was sued out of another court; and it could not vary the case, that the cause was afterwards removed into the court of King’s Bench by the defendant.
The arrest of one attending as a witness, may be a contempt of the court, as if made in the face of the court; 7 Com. Dig. 113 ; against which the court must protect itself. But it is also a violation of the protection afforded by law to the witness. Either the court whose proceedings have been interrupted by the arrest of a witness, or the court under whose process the arrest is made, may interfere for his discharge. In 1 Tidd’s Prac. 81, it is shown that an Attorney of either the King’s Bench or Common Pleas, arrested by process from the other court, is discharged by the court under whose process the arrest is made. The rule most consistent with the courtesy due from the courts to each other, and with a proper care for the liability of the citizen, is expressed in Bours vs. Tuckerman, 7 J. R. 539. The defendant was attending the General Sessions under a recognizance, when he was arrested by a capias from the Supreme Court. The judgment of the court was, “ the defendant is privileged from arrest; and as it appears he had no opportunity to apply to the court below to be discharged ; and as this court ought not to suffer its process to be executed in violation of the privileges of other courts, the defendant must be discharged from the bail bond and arrest.” It is sufficient to refer to 2 Phil. Evid. by Cowen, p. 17, for a collection of American authorities on this subject.
The motion is refused.
Richardson, O’Neall, Evans, Butler, and Ware-law, JJ. concurred.